[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DOCKET ENTRY NO. 140)
The plaintiff has moved for attorney's fees in connection with the establishment of the education trust for the benefit of the parties' children.
The child Ryan is now seventeen years of age and the child CT Page 7964 Kristen is now fourteen years of age. The agreement entered into by the parties providing for an education fund was executed ten years ago when the children were seven and four years of age. Paragraph 15 of that agreement provided for an irrevocable trust in the joint control of husband and wife. That irrevocable trust has never been established, and the agreement is only now ordered to be executed by the parties on or before August 31, 1998.
Following the order of Judge Kavanewsky on November 25, 1997, plaintiff's counsel met with Attorney Drew, conferred with her client, reviewed the revised trust agreement and conferred by phone with Attorney Drew, Attorney Sargent and the plaintiff. In addition, plaintiff's counsel attended the hearing held by the court on July 2, 1998 and again on July 9, 1998. Plaintiff's counsel requests $4,476.50 in fees. However, as reflected on counsel's billing statements attached to her financial affidavit, some of these services were incurred in connection with the Motion for Contempt and upon which Judge Kavanewsky denied fees since there was no finding of contempt.
However, in connection with the subsequent services noted above, counsel fees may properly be sought pursuant to § 46b-62
of the General Statutes. In connection with such a motion, the court shall consider the indicia of § 46b-82 of the General Statutes. The court has considered the factors of § 46b-82, the financial affidavits of the parties and the facts regarding the failure of the education trust to be executed prior to this time. The court allows Two Thousand Five Hundred ($2,500) Dollars by way of attorney's fees upon this motion. Said sum shall be paid to plaintiff's attorney by the defendant on or before December 31, 1998.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE